WILL OF KRAMER: BUDGE, Appellant, vs. HAWLEY and others, Respondents.

*January 17—February 15, 1949.*

204

For the appellant there was a brief by *Ronald F. North* of Chippewa Falls, attorney, and *Ramsdell & King* of Eau Claire of counsel, and oral argument by *Mr. George Y. King* and *Mr. North*.

For the respondents there was a brief by *Stafford & Stafford,* attorneys, and *I. E. Rasmus,* guardian *ad litem,* and oral argument by *Mr. Harold E. Stafford* and *Mr. Henry Christoffersen,* all of Chippewa Falls.

BROADFOOT, J.   After the hearing in this matter the court made the following findings of fact and conclusions of law:

### "Findings of Fact.

"1. That said instrument was duly executed by the said Henry F. Kramer, deceased as his last will and testament in the manner provided by law.

"2. That at the time of the execution of said instrument, the said Henry F. Kramer was of sound mind and had sufficient mental capacity to make a will.

"3. That the instrument here propounded as the last will and testament of Henry F. Kramer was executed by him while he was subject to, and as the result of, undue influence exercised upon the said Henry F. Kramer by Elizabeth Budge.

"4. That said instrument does not express the desires of Henry F. Kramer as to the disposition of his property.

"And I find as

### "Conclusions of Law.

"1. That Elizabeth Budge, the proponent of said will is entitled to judgment dismissing objections Nos. 1 and 2 pursuant to the foregoing findings of fact; and

"2. That Esther Hawley, the contestant herein, is entitled to judgment sustaining her objection No. 3 pursuant to the foregoing findings of fact."

The law relating to undue influence in will cases is well settled in Wisconsin, both as to the elements necessary to establish it and as to the burden of proof. *Will of Faulks* (1945), 246 Wis. 319, 17 N. W. (2d) 423; *Will of Sowka* (1945), 247 Wis. 498, 19 N. W. (2d) 898; *Will of Lee* (1946), 249 Wis. 59, 23 N. W. (2d) 405; *Will of Hickey* (1948), 252 Wis. 542, 32 N. W. (2d) 232.

The findings of the trial court as to the existence of the elements necessary to establish undue influence in procuring a will are not ordinarily disturbed upon appeal unless against the great weight and clear preponderance of the evidence. *Will of Sowka, supra; Will of Lee, supra.*

The decision of the case therefore involves only questions of fact. Many of the details are not given in the statement of facts herein. We feel no useful purpose would be served by further detail. However, we have carefully examined the record and the briefs, and listened to the arguments of counsel, and it is our conclusion that the findings of the trial court are amply sustained.

*By the Court.*—Judgment affirmed.